DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas that denied appellant's motion to change the conditions of her confinement at Northcoast Behavioral Healthcare System to allow greater freedom of movement through the facility. For the reasons that follow, this court affirms the judgment of the trial court.
In January 1978, appellant was indicted on one count of aggravated murder. Following a trial to the bench, appellant was found not guilty by reason of insanity. In May 1978, pursuant to R.C. 2945.40, the trial court ordered appellant confined to the Lima State Hospital until such time as it is determined that she has been restored to sanity and that her release would not be dangerous. Since that time, appellant has been confined to various other facilities throughout the state. In October 1997, the trial court authorized appellant's transfer from a facility in Dayton to Northcoast Behavioral Healthcare System ("Northcoast") in Toledo, where she remains at this time. Initially, the trial court granted appellant Level I privileges at Northcoast, which required her to remain in a locked ward at all times. In 1998, appellant was granted Level II privileges, which allowed her to move outside the locked ward to other parts of the building and grounds with one-on-one supervision. In early 2001, appellant was granted slightly increased movement.
In October 2001, pursuant to R.C. 2945.401(C)(1), the chief clinical officer of Northcoast asked the trial court to allow appellant Levels III and IV privileges. Level III privileges would allow appellant to walk freely around the campus without supervision for one hour at a time, after which she would have to check in with a staff member. Level IV privileges would allow appellant to go on off-campus outings with a ratio of one supervisor to three patients. At a hearing held on November 26, 2001, appellant presented the testimony of two medical doctors and entered into evidence the recommendation of the Northcoast staff and a report prepared by Dr. Thresiamma Jacob, one of appellant's treating psychiatrists.
On December 20, 2001, the trial court denied the request for Level III movement and allowed modified Level IV movement with one-on-one supervision. In its decision, the trial court noted that appellant's diagnosis includes schizoaffective disorder, bipolar type, in partial remission with medication; polysubstance abuse in full sustained remission in a closed environment, and a history of antisocial personality disorder. The court further noted that since 1998 appellant has handled her court approved movement without incident and that her current medication regimen controls her psychotic symptoms of auditory hallucinations, paranoid delusions and self-mutilating behavior.
The trial court heard the testimony of Dr. Thresiamma Jacob, who stated that based on her four years as appellant's psychiatrist, she believed appellant was not a threat to the public and that Level III and Level IV movement would be beneficial to her treatment. The trial court noted that Dr. Jacob had testified on cross-examination that any lessening of appellant's illness is due solely to the medication and that if appellant stopped taking her medication "she would become sick again." Dr. Douglas Smith testified that Level III and Level IV privileges were appropriate for appellant at this time.
The trial court found that the expert testimony indicated that appellant, while medicated, did not pose a threat to the public or herself. The court noted that appellant had been on Level II with one-on-one supervision only since April 1998 and on Level II with one-on-three supervision only since February 2001. The court also noted that while the risk that appellant would walk away from Northcoast and not take her medication is speculative, "the fact that appellant would then descend into a dangerous psychotic state is not."
The trial court found that in spite of the doctors' testimony, "twenty years of turbulence and violence are not overcome by a few years of peaceful medicated tranquility" and that appellant continues to pose a threat to public safety or to the safety of any one person. It is from that judgment that appellant appeals.
Appellant asserts on appeal that the trial court erred by denying the request for Level III and IV privileges because the state failed to meet its burden of proof.
R.C. 2945.401(G) provides that at a hearing held pursuant to that section on a recommendation for a change in the conditions of the commitment to a less restrictive status, the prosecutor has the burden of showing by clear and convincing evidence that the proposed change represents a threat to the public safety or a threat to the safety of any person. Clear and convincing evidence is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Appellant argues that because the state did not put on any of its own witnesses it could not have met its burden of proof by clear and convincing evidence. Although the state's failure to call its own witnesses at appellant's hearing should not be condoned, we note that the prosecutor did cross-examine the two doctors and we recognize that the testimony presented on cross-examination constituted evidence. In his cross-examination of Dr. Jacob, the prosecutor elicited testimony that appellant still hears voices, as she did at the time she committed the murder in 1977; that if appellant were granted Level III privileges and walked off the hospital grounds she would not have access to her medications; that if she did not take her medications "she would become sick again;" and that the lessening of appellant's symptoms is due solely to the medications she takes. Upon consideration of the foregoing, this court cannot find that the trial court abused its discretion in determining that the proposed changes in appellant's privileges at Northcoast represent a threat to public safety or the safety of any individual. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.